JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Shaina Dorsey

**(b)** County of Residence of First Listed Plaintiff: New Haven
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
DeNittis, Osefchen Prince, P.C.

## DEFENDANTS
TD Bank, N.A.

County of Residence of First Listed Defendant: Camden
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☒ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
National Bank Act, 12 U.S.C. § 1, et seq.
Brief description of cause:
charging of illegal sustained overdraft fees

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** over $5 million
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 1/5/17
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Stephen DeNittis, Esq. (FEDBar No. SD0016)
DeNittis Osefchen Prince, P.C.
525 Route 73 North, Suite 410
Marlton, NJ 08053
Tel: 856-797-9951
Fax: 856-797-9978
sdenittis@denittislaw.com

Jeff M. Ostrow, Esq. (FL Bar No. 121452)
Robert C. Gilbert, Esq. (FL Bar No. 561861)
Kopelowitz Ostrow Ferguson Weiselberg Gilbert
One W. Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Tel: 954-525-4100
Fax: 954-525-4300
ostrow@kolawyers.com
gilbert@kolawyers.com
(*pro hac vice to be filed*)

*Counsel for Plaintiff, Shaina Dorsey and all others similarly situated*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAINA DORSEY, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br>v.<br><br>TD BANK, N.A.,<br><br>　　　　　Defendant. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>**CASE NO. _____** |

Plaintiff, SHAINA DORSEY, on behalf of herself and all others similarly situated, sues Defendant, TD BANK, N.A., and alleges:

### INTRODUCTION

1) Plaintiff seeks redress for an unlawful practice that TD BANK, N.A. ("TD Bank" or "TD") perpetrates on its checking and money market account customers. Plaintiff asserts this action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated throughout the United States, for damages and other relief arising from TD Bank's routine practice of wrongfully assessing its customers so-called "Sustained Fee for Overdrawn Accounts."

2) As alleged in detail below, this purported "charge" is deducted from a customer's account *in addition to* an initial $35.00 overdraft fee if and when the customer's overdraft status remains in effect for a period of ten (10) days or more. In reality, TD Bank's assessment and collection of the Sustained Fee for Overdrawn Accounts from its customers constitutes interest for the use, forbearance, or detention of money. The amount of interest charged far exceeds the permissible limit under the National Bank Act.

## PARTIES

3) Plaintiff Shaina Dorsey is a citizen and resident of the State of Connecticut and has had a checking account with TD Bank in New Haven, Connecticut, at all times material hereto.

4) TD Bank is a national bank with its U.S. headquarters and principal place of business located in Cherry Hill, New Jersey. TD Bank also operates numerous retail banking centers throughout the State of New Jersey and elsewhere in the United States. Among other things, TD Bank is engaged in the business of providing retail banking services to consumers, including Dorsey and members of the putative classes, which includes the issuance of debit cards for use by customers in conjunction with their checking accounts.

## JURISDICTION

5) This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States, namely the National Bank Act, 12 U.S.C. § 1, *et seq.*, and regulations promulgated by the Office of the Comptroller of the Currency.

6) TD Bank regularly and systematically conducts business and provides retail banking services from Maine to Florida, including in this district, and provides retail banking

10849-047/00855478_1

services to its customers, including Plaintiff and members of the putative class. As such, it is subject to the jurisdiction of this Court and the mandate of the National Bank Act.

## VENUE

7) Venue is likewise proper in this district pursuant to 28 U.S.C. § 1391 because TD Bank is subject to personal jurisdiction in this Court and regularly conducts business within this district through its principal place of business located in Cherry Hill, NJ and in numerous branches located within this district. Thus, a substantial part of the events giving rise to the claims asserted herein occurred and continue to occur in this district.

## OVERVIEW

8) The gist of the Sustained Fee for Overdrawn Accounts is as follows: If Customer "A" were to overdraft his or her account by $50.00, the bank first charges an overdraft fee of $35.00 per transaction. However, if Customer A fails to replenish his or her account to bring the balance to a positive figure within 10 days, then the bank deducts yet another $20.00, as provided for in TD Bank's Personal Fee Schedule, from the account of Customer A for having extended this credit.

9) Unlike an initial overdraft fee, the Sustained Fee for Overdrawn Accounts is an *additional* charge to a customer for which the bank has provided nothing new in the way of services. The charge is based solely on the alleged indebtedness to the bank remaining unpaid by the customer for a period of time.

10) By way of background, overdraft fees have been a substantial source of revenue for banks for a number of years. Overdraft fee revenues continue to proliferate. As technology

has rapidly grown and enabled bank customers new ways of accessing the money in their accounts, overdraft episodes and the attendant imposition of overdraft fees have skyrocketed. Recent reports from the U.S. Consumer Financial Protection Bureau ("CFPB"), for example, show that a broad investigation has been launched regarding bank overdraft practices and procedures due to its concern that the growing cost of overdraft practices could place bank customers at unnecessary risk. In 2012 alone, banks took in approximately $32 billion in overdraft-related fees.

11) As a recent CFPB report reflects, "sustained negative balance" fees are becoming popular with banks and account for nearly 10% of total overdraft-related fees collected by banks which impose such charges. According to the CFPB report issued in July 2014, once a bank charges its customer a sustained overdraft fee on day five, the negative balance is likely cured by the customer within just a few days, rather than weeks. As such, the bank's extension of credit to its overdrawn customer is typically very short-term. Moreover, most negative balances created by an overdraft are not high figures. Nearly two-thirds of transactions that cause overdrafts were for $50.00 or less. As these statistics highlight, a bank's exposure for carrying a customer's overdraft is ordinarily very small and limited. But rather than charging legally permissible interest until its customer cures the overdraft balance, TD Bank instead charges a purported Sustained Fee for Overdrawn Accounts that in reality is interest at an illegal rate.

### TD BANK'S PRACTICE

12) The specific issue in this case is TD Bank's practice of deducting the Sustained Fee for Overdrawn Accounts from the accounts of its customers, including Plaintiff and others similarly situated. Under this practice, if the customer fails to repay the full amount of the overdraft within 10 days, the bank then charges a sustained overdraft fee of $20.00. TD Bank

renders no additional service to its customers in exchange for charging this extra fee other than advancing the original money to a customer's account in an amount to cover the overdraft, for which the bank previously charged an [initial] overdraft fee. TD Bank uses the fact that it has loaned funds to its customer as a pretext to justify charging the customer a secondary service charge that exceeds lawful limits.

13) In TD Bank's written "Personal Deposit Agreement" with its customers including Plaintiff, the overdraft provisions appear on page 11 and state:

**Sustained Fee for Overdrawn Accounts**

We may charge you a fee, as disclosed on the Personal Fee Schedule, for any Checking or Money Market Account that remains in overdrawn status for ten (10) consecutive Business Days. We will notify you if your Checking or Money Market Account is in overdrawn status. If your Checking or Money Market Account is in overdrawn status because of an overdraft, check returned for insufficient funds, bank fees or for any other reason and the Account remains in overdrawn status for ten (10) consecutive Business Days, we may charge the fee. If you have overdraft protection and you have exceeded your limit and the Checking or Money Market Account remains in overdrawn status for ten (10) consecutive Business Days, we may charge the fee. If the Checking or Money Market Account remains in overdrawn status for sixty (60) Calendar Days, or such earlier time that we determine that the overdraft balance is uncollectible, the Bank will close and place the Checking or Money Market Account in collection status.

14) Under this provision, TD Bank charges a fee against any checking or money market account merely by virtue of the customer failing to pay the bank a specific sum of money (the amount of the overdraft) for a period of ten (10) days. There is nothing in TD Bank's written materials disclosing that this additional "fee" is, in reality, a charge of interest on extended credit.

15) In Dorsey's case, her monthly bank statements for her TD Bank checking account show that she went into "overdraft" status on August 15, 2016, and that her account remained in that status until September 8, 2016. On August 26, 2016, TD Bank charged her an Extended Overdrawn Balance Charge of $20.00. During that limited period, Dorsey's negative account balance fluctuated between $55.58 on 8/15 to $208.66 on 8/24 and $36.17 on 8/25. On 8/26, after the Bank assessed the $20.00 Sustained Fee for Overdrawn Accounts, her account balance was negative $56.17.

16) The $20.00 sustained overdraft fee that TD Bank charged Dorsey was in addition to 6 overdraft fees totaling $210.00 that TD Bank also charged her during this same time period for the transactions that created her "overdraft" status in the first place.

## CLASS ACTION ALLEGATIONS

17) Plaintiff brings this action on her own behalf and all others similarly situated pursuant to Fed. R. Civ. P. 23. The Class is defined as follows:

All holders of a TD BANK checking and/or money market account in the

United States who, within the two-year period preceding the filing of this

lawsuit, incurred one or more Extended Overdrawn Balance Charges.

18) Excluded from the class are TD Bank, its subsidiaries and affiliates, its officers, directors and member of their immediate families and any entity in which defendant has a

controlling interest, the legal representatives, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

19) Plaintiff reserves the right to modify or amend the definition of the proposed Class and/or to add Subclasses if necessary before this Court determines whether certification is appropriate.

20) This case is properly brought as a class action under Fed. R. Civ. P. 23(a) and (b)(3), and all requirements therein are met for the reasons set forth in the following paragraphs.

21) *Numerosity under Fed. R. Civ. P. 23(a)(1)*. The members of the Class are so numerous that separate joinder of each member is impracticable. Upon information and belief, and subject to class discovery, the Class consists of thousands of members or more, the identity of whom are within the exclusive knowledge of and can be ascertained only by resort to TD Bank's records. TD Bank has the administrative capability through its computer systems and other records to identify all members of the Class and the amount of Extended Overdrawn Balance Charges paid by each Class member, and such specific information is not otherwise available to Plaintiff.

22) *Commonality under Fed. R. Civ. P. 23(a)(2)*. There are numerous questions of law and fact common to the Class relating to TD Bank's business practices challenged herein, and those common questions predominate over any questions affecting only individual Class members. The common questions include, but are not limited to:

    a) Whether TD Bank charged interest to its customers under the guise of a Extended Overdrawn Balance Charges in amounts that violate applicable usury laws;

b) Whether TD Bank developed and engaged in an unlawful practice that mischaracterized or concealed the true usurious nature of the Sustained Fee for Overdrawn Accounts;

c) Whether TD Bank charged its customer a Sustained Fee for Overdrawn Accounts that bears no relationship to the actual costs and risks of covering insufficient funds transactions; and

d) Whether Plaintiff and other members of the Class have sustained damages as a result of TD Bank's assessment and collection of the Sustained Fee for Overdrawn Accounts, and the proper measure of damages.

23) *Typicality under Fed. R. Civ. P. 23(a)(3)*. Plaintiff's claims are typical of the claims of the other Class members in that they arise out of the same wrongful business practice by TD Bank, as described herein.

24) *Adequacy of Representation under Fed. R. Civ. P. 23(a)(4)*. Plaintiff is an adequate representative of the Class in that she has a TD Bank checking account and has suffered damages as a result of TD Bank's assessment and collection of the Sustained Fee for Overdrawn Accounts. In addition:

a) Plaintiff is committed to the vigorous prosecution of this action on behalf of herself and all others similarly situated and has retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers against financial institutions;

b) There is no hostility of interest between Plaintiff and the unnamed Class members;

c) They anticipate no difficulty in the management of this litigation as a class action; and

d) Plaintiff's legal counsel have the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

25) *Predominance under Fed. R. Civ. P. 23(b)(3)*. The questions of law and fact common to the Class as set forth in the "commonality" allegation above predominate over any individual issues. As such, the "commonality" allegations (paragraph 22 and subparts) are restated and incorporated herein by reference.

26) *Superiority under Fed. R. Civ. P. 23(b)(3).* A class action is superior to other available methods and highly desirable for the fair and efficient adjudication of this controversy. Since the amount of each individual Class member's claim is very small relative to the complexity of the litigation and since the financial resources of TD Bank are enormous, no Class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the Class members will continue to suffer losses and TD Bank's misconduct will proceed without remedy. In addition, even if Class members themselves could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

27) All conditions precedent to bringing this action have been satisfied and/or waived.

## VIOLATION OF NATIONAL BANK ACT
## (12 U.S.C. §§ 85, 86)

28) Plaintiff realleges and incorporates all allegations in paragraphs 1 through 27 as if set forth fully herein.

29) Interest, by definition, is compensation for the use or forbearance of money or as damages for its detention. That is exactly the nature of TD Bank's Sustained Fee for Overdrawn Accounts. Any such charges imposed on a customer for use or forbearance of money or as damages for its detention – no matter how labelled by TD Bank – are in fact interest and in this case usurious, as alleged below.

30) Claims for usury against a national bank such as TD Bank are governed exclusively by certain provisions in the National Bank Act – specifically, 12 U.S.C. §§ 85, 86. Under § 85, a national bank may charge interest on any loan or debt at the *greater* of two options. Option (1) is "the rate allowed by the laws of the State ... where the bank is located." Option (2) is "1 per centum in excess of the discount rate on ninety-day commercial paper in effect at the Federal reserve bank in the Federal reserve district where the bank is located."

31) Under option (1), the maximum allowable interest rate that TD Bank would be allowed to charge its customers would be 6.25% because the law provides that a bank is located only in the state that is designated on its organization certificate. TD Bank is deemed to be located in Delaware because it designates Delaware as its location in its organization certificate.

32) Under Delaware law, the maximum allowable interest rate where no specific rate has been agreed to is 5% over the Federal Reserve discount rate, including any surcharge as of the time from which interest is due. 6 Del. Code Section 2301.

33) The discount rate for the Federal Reserve Bank of Philadelphia (which covers Delaware) was 1.25 % for primary credit and 1.75% for secondary credit.

34) Using the higher rate of 1.75%, the maximum allowable interest rate in Delaware under option (1) that TD Bank could charge would be 6.75%.

35) This 6.75% interest rate under option (1) – which includes a 5% bump from the federal discount rate – necessarily exceeds option (2) which allows only for a 1% bump from the discount rate. As such, 6.75% is the maximum TD Bank could charge its customers in this context.

36) By assessing and collecting Sustained Fee for Overdrawn Accounts, TD Bank has knowingly extended credit to Plaintiff and others similarly situated for use in their checking and/or money market accounts. Such extensions of credit are loans made without a specific loan agreement. In fact, 12 U.S.C. § 84 defines the term "loans and extensions of credit" as including any and all direct or indirect advances of funds to a person made on the basis of any obligation of that person to repay the funds. In addition, federal banking regulators in guidance issued to national banks on the subject of overdraft items have expressly stated: "When overdrafts are paid, credit is extended." *See* Joint Guidance on Overdraft Protection Programs, 70 Fed. Reg. 9127, 9129 (Feb. 24, 2005).

37) Although TD Bank is only permitted to charge Plaintiff and others similarly situated a *maximum* of 6.75% annualized interest on these loans and extensions of credit, TD Bank has knowingly charged and collected Sustained Fee for Overdrawn Accounts from Plaintiff and others similarly situated that far exceeded this permissible rate.

38) Using the maximum amount of Plaintiff Dorsey's negative balance during the relevant period ($208.66), and applying a 6.75% annual interest rate over a 10-day period, the maximum amount that TD Bank was legally permitted to charge Plaintiff was only 0.39¢.

Instead, TD Bank charged Dorsey $20.00 for that 10-day period – which is *over 51 times* the maximum legal amount.

39) The Sustained Fee for Overdrawn Accounts charged to Plaintiff and others similarly situated for such advances of money are egregiously high, usurious, and illegal.

40) By labeling its charge as a Sustained Fee for Overdrawn Accounts, TD Bank cannot mask the true nature of the charge.

41) Plaintiff and those similarly situated have sustained damages based on TD Bank's violation of the NBA through its assessment and collection of the Sustained Fee for Overdrawn Accounts,.

42) The usurious transactions at issue all occurred less than two years prior to the commencement date of this action.

43) Plaintiff and those similarly situated are entitled to recover twice the amount of the usurious interest they paid under 12 U.S.C. § 86, which provides:

In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, *twice the amount of interest thus paid from the association taking or receiving the same* . . . (Emphasis added).

44) Plaintiff and those similarly situated hereby demand recovery of the amounts owed to them as a result of the violations asserted herein.

WHEREFORE, Plaintiff demands judgment against defendant TD Bank for herself and the Class as follows:

(a) Certifying this matter as a class action pursuant to Fed. R. Civ. P. 23;

(b) Designating Plaintiff as an appropriate Class representative;

(c) Awarding Plaintiff and the Class damages (including twice the amount of the usurious interest paid), prejudgment interest from the date of loss, and their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs; and

(d) Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and all others similarly situated hereby demand trial by jury on all issues so triable as a matter of right.

Dated: January 4, 2017

Respectfully submitted,

*/s/ Stephen DeNittis*

Stephen DeNittis, Esq.
**DeNITTIS OSEFCHEN PRINCE, P.C.**
525 Route 73 North, Suite 410
Marlton, NJ 08053
Tel: 856-797-9951
Fax: 856-797-9978
sdenittis@denittislaw.com

Jeff M. Ostrow, Esq.
Robert C. Gilbert, Esq.
**KOPELOWITZ OSTROW**
**FERGUSON WEISELBERG GILBERT**
One West Las Olas Boulevard
Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300
ostrow@kolawyers.com
gilbert@kolawyers.com
(*pro hac vice to be filed*)

***Counsel for Plaintiff***